

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-9-2004

# Bickle v. Seiberling

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-1798

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Bickle v. Seiberling" (2004). *2004 Decisions*. Paper 1015.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/1015

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 03-1798
_____

TOBIE BICKLE,

Appellant,

v.

WILLIAM SEIBERLING; CITIFINANCIAL, INC.

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(D.C. Civil No. 02-cv-00031)
District Judge:  The Honorable Malcolm Muir

_____

Submitted Under Third Circuit LAR 34.1(a)
January 30, 2004

BEFORE: NYGAARD and FUENTES, Circuit Judges,
and O'NEILL,* District Judge.

(Filed : February 9, 2004)

_____

*        Honorable Thomas N. O'Neill, Jr., Senior District Judge for the United States
District Court for the Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

NYGAARD, Circuit Judge.

Appellant Tobie Bickle appeals from the District Court's grant of summary judgment in favor of Appellees William Seiberling and CitiFinancial, Inc. Because this frivolous appeal rests solely on an erroneous interpretation of law, we will affirm.

I.

Since we write solely for the parties, only a brief recitation of the facts is necessary. Bickle was employed for many years in the financial services industry, and was a branch manager for Avco Financial Services when that company was acquired by The Associates, which later merged with CitiFinancial. After the merger, Bickle's position was eliminated and she was reassigned as a "manager at large." She resigned this position after six days, explaining in her resignation letter that she was dissatisfied with the new salary structure, new deadlines, and extended working hours.

Following her resignation, Bickle filed a complaint against CitiFinancial and Seiberling, her supervisor. She alleged that she had been forced to engage in illegal financial practices as a condition of her continued employment, leading to her constructive discharge. She also alleged that CitiFinancial and Seiberling had defamed her, causing her financial loss and rendering her unable to practice her profession. The

2

defendants moved for summary judgment, supporting their motion with a brief, a statement of material facts, exhibits, and references to deposition testimony. Bickle responded with a brief opposing summary judgment, but did not include a counter-statement of material facts, as required by local court rules, or any evidence to support her version of events. The District Court granted summary judgment in favor of defendants, finding that Bickle had failed to establish that any material fact was in dispute. Bickle now appeals this decision.

II.

Bickle's appeal is wholly without merit, and demonstrates ignorance of the law on the part of her attorney. She maintains that because the defendants did not support their motion for summary judgment with an affidavit, she did not need to respond with any factual evidence in order to defeat the motion. This proposition is absurd, and clearly contradicted by settled law.

Federal Rule of Civil Procedure 56 governs motions for summary judgment, and specifies that such a motion may be made "with or without supporting affidavits." FED. R. CIV. P. 56(a). Rule 56 further states that when "a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). Bickle's contention

that supporting affidavits are required is based on a section of this rule, taken out of context, that sets forth the form that affidavits should take, *if* any are filed. *Id.*

If the language of Rule 56 is not clear enough on its face, its meaning was made explicit by the United States Supreme Court in 1986, in a decision rejecting the precise position that Bickle takes here. In *Celotex Corp. v. Catrett,* the Court ruled that a motion for summary judgment may be made with or without supporting affidavits, and that in response, the nonmoving party is required to "go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" 477 U.S. 317, 324 (1986) (quoting FED. R. CIV. P. 56(c) and (e)). Wrote the Court: "[R]egardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

III.

Bickle did not provide factual support for any of her claims, or any evidence to dispute the defendants' version of the facts. As a result, the District Court was

4

correct in finding that there was no genuine issue as to any material fact, and we will

affirm the grant of summary judgment.[1]

---

1.     Federal Rule of Appellate Procedure 38 provides a remedy of damages for a party who is required to defend a legitimate judgment from a frivolous appeal. We will leave it to Appellees to determine whether they wish to petition for such an award.

_____

TO THE CLERK:

    Please file the foregoing opinion.


                    /s/ Richard L. Nygaard
                    Circuit Judge